IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PHILLIPS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CALEB A. PHILLIPS, APPELLANT.

Filed July 7, 2026.    No. A-25-955.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Jeanelle S. Kleveland, of Kleveland Law Office, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

MOORE, PIRTLE, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Caleb A. Phillips appeals his plea-based conviction of terroristic threats. On appeal, he assigns as error that his sentence, enhanced by the district court's finding that Phillips was a habitual criminal, was excessive, and that he "was prejudiced by ineffective assistance of counsel causing him to have an excessive sentence." For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

Phillips was initially charged with two counts of subsequent third degree domestic assault (resulting in bodily injury), Class IIIA felonies; two counts of terroristic threats, Class IIIA felonies; assault by strangulation or suffocation, a Class IIIA felony; and tampering with a witness or informant, a Class IV felony. The State later amended the information to add habitual criminal allegations to the two terroristic threats charges, the assault by strangulation or suffocation charge, and the tampering with a witness charge.

- 1 -

Pursuant to a global plea agreement encompassing four separate cases, Phillips pled no contest to terroristic threats with the habitual criminal enhancement in the instant case. The State dismissed the remaining five charges in the instant case and also dismissed the counts contained in three other cases: CR25-633 in which Phillips was charged with two counts of possession of a controlled substance, Class IV felonies with habitual criminal enhancement; CR25-634 in which Phillips was charged with two counts of tampering with a witness with habitual criminal enhancements and operating a motor vehicle to avoid arrest, both Class IV felonies; and CR25-739 in which Phillips was charged with subsequent third degree domestic assault causing bodily injury, a Class IIIA felony.

The State provided a factual basis that set forth that on May 25, 2024, Phillips called the victim asking her for a ride because his vehicle had broken down. When the victim arrived at Phillips' location, he opened the driver's door, pulled the victim out of the car, and got into the driver's seat. When the victim got into the passenger side of the car, Phillips took the victim's phone, turned it off, and placed it in the driver's side door where the victim could not reach it. When Phillips stated that he wanted to go to her house, the victim told Phillips that there was another male there. Phillips became angry and punched the victim in the face, then pulled out a knife and pointed it towards her but ended up dropping the knife between the seat and the console. The victim stated that the punch "cut open her nose." After this, Phillips and the victim continued to drive around and Phillips continued to assault the victim punching her between 15 to 20 times causing her nose to bleed. During this period of time, Phillips told the victim "that he was going to have her gang-raped."

In December 2025, the district court held an enhancement hearing followed by the sentencing. Following the enhancement hearing, the district court found, by a preponderance of the evidence, that Phillips was a habitual criminal. The court then proceeded with the sentencing portion of the hearing. The court stated that it had reviewed the presentence investigation report (PSR), a letter from the victim, and a police report regarding Phillips tampering with a witness, and exhibit 5, which consisted of Phillips' jail phone calls to the victim. The court stated:

> I do take into consideration the fact that . . . Phillips has an extensive criminal history, dealing with mostly violent and domestic violence behavior. He not only abuses women he purports to care for, but he also abuses the justice system in attempting to and actually tampering with victims and witnesses . . . that are the victims of his crimes.
>
> In this particular instance, . . . Phillips received a very generous plea offer in that five other counts in this particular case were dismissed, as well as three other entire cases were dismissed. All of those felony counts would have been eligible for the habitual offender distinction as well.
>
> He has a very high LSCMI [level of service/case management] score . . . which means he has a very high propensity to continue this behavior in the future. His domestic violence screening score is considered to be a high risk. . . . Phillips has left a path of destruction in his wake. And there is no better indicator of future performance than past performance. The Court does not see how . . . Phillips will be able to do anything other than continue to wreak havoc in the lives of those that surround him. And his subtraction

- 2 -

from society is really just the best of what can happen in this situation so that some of his victims can at least find some peace . . .

The Court, having regard for the nature and circumstances of the crime, the history, character, and condition of the defendant, finds that imprisonment of the defendant is necessary for the protection of the public because the risk is substantial that during any period of probation the defendant would engage in additional criminal conduct, and because a lesser sentence would depreciate the seriousness of the defendant's crime and promote disrespect for the law.

The district court sentenced Phillips to 10 years' imprisonment, as a mandatory minimum, to 40 years' imprisonment with credit for 201 days served and ordered that the sentence run consecutive to any other sentence that Phillips was currently serving. Phillips has timely appealed to this court and is represented by different appellate counsel.

## ASSIGNMENTS OF ERROR

Phillips assigns as error that (1) the sentence imposed is excessive and (2) he "was prejudiced by ineffective assistance of counsel causing him to have an excessive sentence."

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Rejai*, 320 Neb. 599, 29 N.W.3d 225 (2026). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

An appellate court resolves claims of ineffective assistance of counsel on direct appeal only where the record is sufficient to conclusively determine whether trial counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance as matters of law. *State v. Kruger*, 320 Neb. 361, 27 N.W.3d 398 (2025). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*. Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *Id*.

## ANALYSIS

### EXCESSIVE SENTENCE

Phillips first contends that the sentence imposed is excessive because the district court "failed to adequately consider [Phillips'] willingness to enter a no contest plea, his age, his health, his general life circumstances, . . . his rehabilitative needs" and Phillip's history of mental health issues. Brief for appellant at 12.

Phillips was convicted of terroristic threats with a habitual criminal enhancement. See, Neb. Rev. Stat. § 28-311.01 (Reissue 2016) (terroristic threats); Neb. Rev. Stat. § 29-2221(1) (Cum. Supp. 2024) (habitual criminal). His sentence of a mandatory minimum of 10 years' imprisonment to 40 years' imprisonment is within the statutory sentencing range of a mandatory minimum of 10 years' imprisonment and a maximum term of not more than 60 years'

imprisonment for sentences that have been enhanced by the defendant's habitual criminal status. See § 29-2221. Phillips also benefited from an extremely generous plea agreement in which he was initially charged with five Class IIIA felonies and a Class IV felony, he pled to a single Class IIIA felony, and the State dismissed three separate cases involving a total of five felonies and a misdemeanor. We further note that the minimum sentence imposed by the court was the mandatory minimum of 10 years' imprisonment for convictions enhanced by a determination that the defendant is a habitual criminal pursuant to § 29-2221(1). "It is the minimum portion of an indeterminate sentence which measures its severity." *State v. Iddings*, 304 Neb. 759, 776, 936 N.W.2d 747, 761 (2020).

It is well established that an appellate court will not disturb sentences within the statutory limits unless the district court abused its discretion in establishing the sentences. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *Id*.

The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Regarding Phillips' claim that the district court abused its discretion in failing to adequately consider various mitigating factors in determining his sentence, a sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). Phillips' argument is merely a request for this court to conduct its own de novo review of those factors. It is not the proper function of an appellate court to conduct a de novo review of the record to determine what sentence it would impose. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025).

And regarding Phillips' argument that the district court failed to give proper weight and consideration to Phillips' decision to enter a plea in this case, in deciding the appropriate sentence, a sentencing court can account for the fact that the defendant received a substantial benefit from a plea bargain agreement. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). However, as the Nebraska Supreme Court stated in *State v. Rezac*, 318 Neb. 352, 366, 15 N.W.3d 705, 718 (2025), "while a more severe punishment cannot be exacted because a defendant pleads not guilty and puts the State to the expense of a trial, a defendant nonetheless has no absolute right to a reduced sentence because [the defendant] saves the State the expense of going to trial."

The presentence investigation report reflected that Phillips was 33 years old, divorced, and had one dependent. He graduated from high school and attended some college classes. Phillips' criminal history includes convictions for three counts of violation of a foreign protection order; two counts of third degree domestic assault; and single convictions for theft by receiving stolen

- 4 -

property ($200 to $500), first offense possession of marijuana (1 oz. or less), false reporting, possession of a controlled substance, terroristic threats, attempted possession of a controlled substance, attempted tampering with a witness or informant, and attempted possession of a firearm during the commission of a felony. After his arrest in the instant case, Phillips was convicted of two counts of failure to appear. As an adult, Phillips has been sentenced to pay fines, jail, prison, and post-release supervision. His post-release supervision was revoked after he received new charges. Additionally, the record indicates that Phillips has received three write-ups during his current incarceration and he received multiple write-ups for misconduct during some of his prior incarcerations. The LS/CMI and the domestic violence matrix both assessed Phillips as a high risk to reoffend. The probation officer noted that although Phillips expressed remorse regarding his arrest and involvement in the current case and stated that he was "taking full responsibility," the probation officer also noted that Phillips was "engaging in some minimization" including saying that he did not remember the offense and does not understand it.

Phillips reported having been diagnosed with schizophrenia, schizoaffective disorder, acute delusional disorder, borderline personality disorder, intermittent explosive disorder, bipolar disorder, and depression. He also expressed that he has anxiety daily and that he has attempted suicide several times. Phillips also reported that growing up, he was the victim of mental, verbal, physical, and sexual abuse. During his current presentence investigation interview, Phillips reported that he has used alcohol, marijuana, methamphetamines, and peyote and expressed that his drug use was never a problem for him. However, in previous PSR's and during a substance use evaluation, Phillips reported using marijuana and methamphetamine daily and admitted to having used ecstasy, cocaine, K2, LSD, mushrooms, Xanax, codeine and "Special K," which is the street name for ketamine.

The victim submitted a victim impact statement stating that Phillips caused her physical injuries including a traumatic brain injury. She stated that she has been diagnosed with PTSD, that she no longer feels safe, and that she has "paralyzing flashbacks" in which she can't move. Due to her fear and anxiety, the victim moved to Florida but, over a year after the incident, she sometimes still sleeps with a knife under her pillow.

Based on factors including that the sentence imposed, with the habitual criminal enhancement, was within the statutory sentencing range, the nature of the offense, the violence involved in the offense and the injuries suffered by the victim, Phillips' criminal history, his prior revocation of post-release supervision, his high risk to reoffend, and the substantial benefit that he received from his plea agreement, the sentence imposed by the district court did not constitute an abuse of discretion. This assignment of error fails.

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Phillips' second assignment of error is that he "was prejudiced by ineffective assistance of counsel causing him to have an excessive sentence." This assignment of error is not sufficiently specific.

As the Nebraska Supreme Court recently reiterated in *State v. Kruger*, 320 Neb. 361, 380, 27 N.W.3d 398, 417-18 (2025):

Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege the conduct that is claimed to constitute deficient performance. A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered. As we have recently explained, an assignment is specific when it addresses a specific issue that does not require additional information to understand precisely what the assignment attacks.

The assignment of error must, standing alone, permit an appellate court to determine if the claim can be decided upon the trial record and also permit a district court to later recognize that the claim was raised on direct appeal. *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025). This requires a description of the specific conduct alleged to constitute deficient performance. *Id*.

Here, Phillips' assigned error fails to identify what actions or inactions by trial counsel prejudiced him. Because Phillips' assignment of error failed to allege the specific way or ways in which trial counsel was ineffective, this claim is insufficiently alleged, and Phillips has failed to preserve any specific allegation relating to the ineffective assistance of counsel on direct appeal.

CONCLUSION

Having found that the sentence imposed was not an abuse of discretion and that Phillips' assigned error regarding the ineffectiveness of trial counsel was insufficiently specific to preserve the claim, we affirm Phillips' conviction and sentence.

AFFIRMED.